



## MEMORANDUM OPINION

No. 04-08-00059-CR

Daniel Jay **WOMACK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 2, Guadalupe County, Texas
Trial Court No. CCL-06-2192
Honorable Frank Follis, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Karen Angelini, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   July 9, 2008

AFFIRMED

Daniel Jay Womack appeals his conviction for boating while intoxicated. In one issue, Womack contends the trial court erred by denying his challenge for cause to a prospective juror who was biased against the law pertaining to the defendant's right not to testify. We affirm the trial court's judgment.

## DISCUSSION

During voir dire, defense counsel questioned prospective jurors regarding whether they would hold it against a defendant if he chose not to testify. Specifically, defense counsel asked, on a scale of one to five, whether prospective jurors would hold it against the defendant if he did not testify. During individual questioning of prospective juror, Terri Canal, defense counsel inquired the following:

DEFENSE: Okay. Fair enough. Ms. Canal, I'm sorry what was your answer?

CANAL: It was three.

DEFENSE: It was three. Do you feel the same way as Ms. Carleton? In some circumstances, where in a criminal case the defendant didn't testify, you wouldn't hold it against him or influence the way you vote?

CANAL: It would be a question in the back of my mind. After hearing all of the evidence and this person now is – has a chance to tell their side of the story but chooses to remain silent, you're going to wonder why isn't he defending himself – do something to say – to prove himself, then why isn't he speaking?

Defense counsel then continued to ask questions of individual prospective jurors pertaining to whether they would hold it against the defendant if he did not testify. The trial judge then interrupted defense counsel's questioning and instructed the prospective jurors that the jurors who serve will be instructed at the end of the case that if the defendant does not testify, they must not hold it against him or consider it for any purpose in the case. The trial judge further informed the prospective jurors that those who serve as jurors will take an oath to follow the law as the court instructs. The trial judge then asked whether any of the prospective jurors could not in good

conscience follow the court's instructions that, if the defendant does not testify, they may not consider or hold that fact against the defendant. None of the prospective jurors indicated that they could not follow the court's instructions.

At the end of the questioning, defense counsel challenged prospective juror Canal for cause because she had indicated that the defendant's failure to testify might influence her in deciding the case. The trial court overruled the challenge and, after the attorneys exercised their peremptory challenges, a jury was seated. Although defense counsel had challenged Canal for cause, she did become a member of the jury that found Womack guilty.

A defendant can challenge a prospective juror for cause if the prospective juror has a bias or prejudice against any of the law applicable to the case. TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2) (Vernon 2006). We review a trial court's ruling on a challenge for cause with "considerable deference" because the trial court is in the best position to evaluate the prospective juror's demeanor and responses. *Saldano v. State*, 232 S.W.3d 77, 91 (Tex. Crim. App. 2007), *cert. denied*, 128 S. Ct. 1446 (2008). We reverse a trial court's ruling on a challenge for cause "only if a clear abuse of discretion is evident." *Id.*

In order to preserve error when the trial court denies a challenge for cause, a defendant must do the following:

> (1) assert a clear and specific challenge for cause; (2) use a peremptory strike on the complained-of veniremember; (3) exhaust his peremptory strikes; (4) request additional peremptory strikes; (5) identify an objectionable juror; and (6) claim that he would have struck the objectionable juror with a peremptory strike if he had one to use.

*Allen v. State*, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003). Here, Womack did not preserve error because the record does not show that he complied with all of the above-enumerated requirements. Although Womack did assert a clear and specific challenge for cause as to Terri Canal, he did not use a peremptory strike on her. Further, the record does not demonstrate that Womack used all of his peremptory strikes or that he requested additional peremptory strikes. Finally, Womack did not identify an objectionable juror nor did he claim that he would have struck the objectionable juror with a peremptory strike if he had one to use. Thus, Womack failed to preserve error.

Moreover, even if Womack had preserved error, the trial court did not abuse its discretion in overruling his challenge for cause as to Terri Canal. When reviewing a trial court's overruling of a challenge for cause, we consider the totality of the voir dire testimony to ascertain whether it supports the trial court's finding with regard to whether the prospective juror will follow the law as instructed by the trial court. *King v. State*, 29 S.W.3d 556, 568 (Tex. Crim. App. 2000). "When the potential juror's answers are vacillating, unclear, or contradictory, we accord particular deference to the trial court's decision." *Colburn v. State*, 966 S.W.2d 511, 517 (Tex. Crim. App. 1998); *see also King*, 29 S.W.3d at 568.

The voir dire record in this case shows that, in response to questioning regarding her feelings about a defendant's failure to testify, Terri Canal expressed that she would have a question in the back of her mind as to why the defendant did not testify and defend himself. The record further shows that the trial judge explained to the entire jury panel the law pertaining to the defendant's right not to testify and the jury's obligation to follow that law. The trial judge then asked the jurors to signify if they would follow the law requiring them not to hold it against the defendant if he did

not testify. None of the jurors, including Terri Canal, responded that they could not follow the law. Thus, the trial court did rehabilitate Terri Canal. *See Westbrook v. State*, 846 S.W.2d 155, 160-61 (Tex. App.—Fort Worth 1993, no pet.) (holding that trial court did not abuse discretion by denying a challenge for cause because the prospective juror was rehabilitated upon further questioning by the prosecutor and the trial court judge). And, even if we could not conclude Canal was rehabilitated, her responses to the questioning could be considered "vacillating, unclear or contradictory"; thus, we must accord particular deference to the trial court's decision. *See Colburn*, 966 S.W.2d at 517. Therefore, we hold that the trial court did not abuse its discretion in denying Womack's challenge for cause.

## CONCLUSION

Because Womack failed to preserve error for appeal and because even if he had, the trial court still did not abuse its discretion in denying his challenge for cause, we affirm the trial court's judgment.

Karen Angelini, Justice

DO NOT PUBLISH